KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Flores-Guillen, | No.   CV-26-03424-PHX-JCH (CDB) |
| Petitioner, | |
| v. | **ORDER TO SHOW CAUSE** |
| Luis Rosa, Jr., | |
| Respondent. | |

Self-represented Petitioner Juan Flores-Guillen filed a Petition (Doc. 1) under 28 U.S.C. § 2241 challenging his immigration detention and a Motion to Appoint Counsel (Doc. 2).  Petitioner has paid the filing fee.

## I.      Petition

Petitioner entered the United States and was detained by immigration officials in November 2020.  After three days in detention, he was released pending his immigration proceedings.  On December 17, 2025, Petitioner was re-detained by immigration officials without a pre-deprivation hearing.  Petitioner raises four grounds for relief and seeks release from custody.

## II.     Discussion

### A.      Respondents

Petitioner names the following Respondents in the Petition: Central Arizona Florence Correctional Complex Warden Luis Rosa, Jr.; Immigration and Customs Enforcement (ICE) Phoenix Field Office Director John Cantu; ICE Director Todd Lyons;

Department of Homeland Security Secretary Markwayne Mullin; and former United States Attorney General Pamela Bondi.

The Court will dismiss Respondent Cantu as an improper Respondent. *See Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024). The Court will substitute Todd Blanche for Respondent Bondi under Federal Rule of Civil Procedure 25(d).

**B.    Count Four**

In Count Four, Petitioner claims the conditions of his confinement are punitive and he is denied adequate medical care. The Court will dismiss Ground Four because this claim arises, if at all, under civil rights law, not habeas corpus law. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on the circumstances of confinement may be presented in a [civil rights] action.") (citation omitted).

**C.    Counts One through Three**

In Counts One through Three, Petitioner argues his detention violates the Fifth Amendment and the Administrative Procedure Act. Numerous courts have concluded individuals like Petitioner, who were released from immigration detention, are entitled to a pre-deprivation hearing prior to any rearrest or detention as a matter of due process. *See, e.g.*, *J.C.E.P. v. Wofford*, CV-25-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, CV-25-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of his claim that he is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, CV-25-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Accordingly, Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable,

affidavits signed under penalty of perjury by individuals with personal knowledge of the factual statements made therein.

**III.    Motion to Appoint Counsel**

Petitioner requests the Court appoint counsel to represent him in this case because he raises meritorious claims and the issues are complex.  To appoint counsel under 18 U.S.C. § 3006A(a)(2)(B), the Court must determine whether the "interests of justice" require the appointment of counsel.  *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting § 3006A(a)(2)(B)).  This determination is guided by an assessment of the likelihood of success on the merits and movant's ability to articulate his claims in light of the complexity of the legal issues.  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Petitioner has not made the necessary showing for appointment of counsel at this time.  Therefore, the Court will deny without prejudice Motion to Appoint Counsel.

**IV.    Warnings**

      **A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

      **B.    Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

**IT IS ORDERED:**

    (1)    Respondent Cantu is **dismissed** without prejudice.

    (2)    The Clerk of Court must **substitute** Todd Blanche for Respondent Pamela Bondi.

(3)    Petitioner's Motion to Appoint Counsel (Doc. 2) is **denied without prejudice**.

(4)    The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1) and this Order on the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(5)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(6)    Respondents must show cause no later than **May 26, 2026**, why the Petition should not be granted.

(7)    Petitioner may file a reply no later than **June 2, 2026**.

Dated this 20th day of May, 2026.

John C. Hinderaker
United States District Judge

- 4 -